

**SUBPOENA**

# UNITED STATES OF AMERICA
## SECURITIES AND EXCHANGE COMMISSION

<u>In the Matter of Chimera Energy Corporation (FW-03772)</u>

To: **Andrew Farmer**
  **5005 Hidalgo St. Unit 619**
  **Houston, TX 77056-6425**

**X__ YOU MUST PRODUCE** everything specified in the Attachment to this subpoena to officers of the Securities and Exchange Commission, at the place, date, and time specified below:

ENF-CPU
U.S. Securities and Exchange Commission
100 F St., N.E., Mailstop 5973
Washington, DC 20549-5973

on Thursday, December 20, 2012 at 5:00 P.M.

**X__ YOU MUST TESTIFY** before officers of the Securities and Exchange Commission, at the place, date, and time specified below:

U.S. Securities and Exchange Commission
Fort Worth Regional Office
Burnett Plaza, Suite 1900
801 Cherry Street, Unit # 18
Fort Worth, Texas 76102

on Wednesday, January 23, 2013 at 8:30 a.m.

**FEDERAL LAW REQUIRES YOU TO COMPLY WITH THIS SUBPOENA.**
Failure to comply may subject you to a fine and/or imprisonment.

By: _____    Date: December 5, 2012
Nikolay Vydashenko
Staff Attorney
Burnett Plaza, Suite 1900
801 Cherry Street, Unit #18
Fort Worth, Texas 76102
817-978-6448



I am an officer of the Securities and Exchange Commission authorized to issue subpoenas in this matter. The Securities and Exchange Commission has issued a formal order authorizing this investigation under Section 20(a) of the Securities Act of 1933 and Section 21(a) of the Securities Exchange Act of 1934.

ATTACHMENT TO SUBPOENA
(Andrew Farmer)

A. **Definitions and Instructions**

1. The term "you" means Andrew Farmer and anyone acting on your behalf or under your control.

2. The term "Chimera" means Chimera Energy Corporation and includes its parents, successors, predecessors, subsidiaries, related corporations, partnerships or professional associations, affiliates, principals, officers, directors, general or limited partners, associates, employees, agents, independent contractors, consultants, advisors, persons acting on its behalf, and any aliases, code names, or trade or business names used by any of the foregoing.

3. The term "document" or "documents" has the same meaning as in Federal Rules of Civil Procedure Rule 34(a), including any and all records and other tangible forms of expression in your possession or custody, or subject to your control, whether such records are drafts or unfinished versions, originals, or annotated or nonconforming copies, howsoever, and by whomever created, produced, or stored (manually, mechanically, electronically, or otherwise), including books, papers, files, notes, minutes, summaries, records, employee-evaluations, analyses, plans, correspondence, memoranda, training materials, ledger sheets, schedules, invoices, account statements, reports, wires, telegrams, telexes, e-mail, electronic mail, telephone logs, notes or records of conversations or meetings, contracts, agreements, calendars, date books, work sheets, working papers, bills, records of payment, magnetic tape, videotape or audiotape recordings, disks, diskettes, disk packs, and other electronic media, microfilm, microfiche, storage devices, appointment books, calendars, diaries, notices, message slips, checks, wire transfer records, stock transfer records, receipts, deeds, and promissory notes.

4. The term "relate" or "relating" means concerning, relating to, referring to, reflecting, describing, discussing, evidencing, or constituting.

5. The term "communication" means any transmittal or receipt of information, whether by chance or prearranged, formal or informal, oral or written, and specifically includes: (a) conversations, meetings, and discussions in person; (b) conversations, meetings, and discussions by telephone, and (c) electronic mail, instant messages, telegrams, letters, faxes, memoranda, formal statements, press releases, and newspaper stories.

6. The term "person" means natural persons, corporations, partnerships, and any other business entity however denominated.

7. The term "identify" means, as to a financial account, the name, address, and telephone number of the institution, the account number or numbers, the name on the account, names of all persons having signature authority over the account, names of all persons

who have beneficial ownership in the account, and the name of your primary contact person at the institution.

8. One copy of documents that may be responsive to more than one request is sufficient, so long as reference to the Bates number of such document is provided in response to the other requests.

9. The following rules of construction apply to this attachment:

   a. the functional words "any" and "all" shall be deemed to include the other functional word;

   b. the connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the attachment all responses that might otherwise be construed to be outside of its scope;

   c. the use of the singular form of any word includes the plural and vice versa; and

   d. the term "including" means including, but not limited to.

9. Unless otherwise specified, this subpoena requires the production of documents dated, executed, created, distributed, received, utilized, in effect, or relating to an event that occurred at any time during the period from **August 1, 2011 through the date of production** (the "Relevant Period").

B. **Production**

Produce the following documents in your possession, custody, or control:

1. All communications with any person relating to Chimera.

2. All documents that relate to any shares of Chimera that you own or in which you have a beneficial interest, or that you owned or in which you had a beneficial interest, including documents sufficient to identify the date or dates on which you acquired or received the shares, the price or other consideration paid for the shares, the source of the consideration used to acquire the shares, and any representations made to you or by you in connection with your acquisition or receipt of such shares.

3. All documents that relate to the disposition (sale, transfer, hypothecation, or otherwise) of any shares of Chimera stock that you owned in which you had a beneficial interest, including documents sufficient to identify the date or dates on which you disposed of the stock, the price or other consideration you received for the stock, and the subsequent transfer or use of the consideration received.

4. Documents sufficient to identify all financial and securities accounts, including bank accounts, brokerage accounts, safe deposit boxes, or any other type of account whatsoever in your name or over which you have signatory authority or a beneficial interest.

5. All brokerage statements for any account in which Chimera shares were transferred, received, deposited, purchased, or sold.

6. All account statements for any account in which you hold or held a beneficial interest, in which proceeds from the sale of Chimera securities have been received, deposited, transferred, or withdrawn.

7. All documents that relate to anything of value, including cash, stock, or otherwise, that you received from or on behalf of Chimera.

8. All documents that relate to anything of value, including cash, stock, or otherwise, that you gave, assigned, loaned, or transferred relating to Chimera.

9. All documents relating to any work or service that you performed for, on behalf of, or relating to Chimera, including contracts for you or obtained by you, invoices, time sheets, expense reports travel logs or reports, and any correspondence discussing the foregoing.

10. All documents relating to Chimera sent by you or received by you from any other person or entity.

11. Documents sufficient to identify each and every email account in your name, over which you had access, or through which you sent or receive email during the relevant period.

12. Documents sufficient to identify each and every telephone number in your name or that you regularly used during the relevant period, including all residential, business, car, credit card, and cellular telephone numbers.

13. Documents sufficient to identify all companies, public or private, in which you were an officer, director, of beneficial owner of five percent or more during the relevant period.