

# SUBPOENA

# UNITED STATES OF AMERICA
## SECURITIES AND EXCHANGE COMMISSION

### In the Matter of Chimera Energy Corporation (FW-03772)

To: Iridium Capital Limited
5847 San Felipe Street, 17th Floor
Houston, TX 77057

**X**  **YOU MUST PRODUCE** everything specified in the Attachment to this subpoena to officers of the Securities and Exchange Commission, at the place, date, and time specified below:

ENF-CPU
U.S. Securities and Exchange Commission
100 F St., N.E., Mailstop 5973
Washington, DC 20549-5973

on Thursday, December 20, 2012 at 5:00 P.M.

____ **YOU MUST TESTIFY** before officers of the Securities and Exchange Commission, at the place, date, and time specified below:

**FEDERAL LAW REQUIRES YOU TO COMPLY WITH THIS SUBPOENA.**
Failure to comply may subject you to a fine and/or imprisonment.

By: _[signature]_    Date: December 5, 2012
Nikolay Vydashenko
Staff Attorney
Burnett Plaza, Suite 1900
801 Cherry Street, Unit #18
Fort Worth, Texas 76102
817-978-6448

I am an officer of the Securities and Exchange Commission authorized to issue subpoenas in this matter. The Securities and Exchange Commission has issued a formal order authorizing this investigation under Section 20(a) of the Securities Act of 1933 and Section 21(a) of the Securities Exchange Act of 1934.

ATTACHMENT TO SUBPOENA
(Iridium Capital Limited)

A. **Definitions and Instructions**

1. The term "Iridium" or "you" means Iridium Capital Limited and includes its parents, successors, predecessors, subsidiaries, related corporations, partnerships or professional associations, affiliates, principals, officers, directors, general or limited partners, associates, employees, agents, independent contractors, consultants, advisors, persons acting on its behalf, and any aliases, code names, or trade or business names used by any of the foregoing.

2. The term "Chimera" means Chimera Energy Corporation and includes its parents, successors, predecessors, subsidiaries, related corporations, partnerships or professional associations, affiliates, principals, officers, directors, general or limited partners, associates, employees, agents, independent contractors, consultants, advisors, persons acting on its behalf, and any aliases, code names, or trade or business names used by any of the foregoing.

3. The term "document" or "documents" has the same meaning as in Federal Rules of Civil Procedure Rule 34(a), including any and all records and other tangible forms of expression in your possession or custody, or subject to your control, whether such records are drafts or unfinished versions, originals, or annotated or nonconforming copies, howsoever, and by whomever created, produced, or stored (manually, mechanically, electronically, or otherwise), including books, papers, files, notes, minutes, summaries, records, employee-evaluations, analyses, plans, correspondence, memoranda, training materials, ledger sheets, schedules, invoices, account statements, reports, wires, telegrams, telexes, e-mail, electronic mail, telephone logs, notes or records of conversations or meetings, contracts, agreements, calendars, date books, work sheets, working papers, bills, records of payment, magnetic tape, videotape or audiotape recordings, disks, diskettes, disk packs, and other electronic media, microfilm, microfiche, storage devices, appointment books, calendars, diaries, notices, message slips, checks, wire transfer records, stock transfer records, receipts, deeds, and promissory notes.

4. The term "relate" or "relating" means concerning, relating to, referring to, reflecting, describing, discussing, evidencing, or constituting.

5. The term "communication" means any transmittal or receipt of information, whether by chance or prearranged, formal or informal, oral or written, and specifically includes: (a) conversations, meetings, and discussions in person; (b) conversations, meetings, and discussions by telephone, and (c) electronic mail, instant messages, telegrams, letters, faxes, memoranda, formal statements, press releases, and newspaper stories.

6. The term "person" means natural persons, corporations, partnerships, and any other business entity however denominated.

7. One copy of documents that may be responsive to more than one request is sufficient, so long as reference to the Bates number of such document is provided in response to the other requests.

8. The following rules of construction apply to this attachment:

   a. the functional words "any" and "all" shall be deemed to include the other functional word;

   b. the connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the attachment all responses that might otherwise be construed to be outside of its scope;

   c. the use of the singular form of any word includes the plural and vice versa; and

   d. the term "including" means including, but not limited to.

9. Unless otherwise specified, this subpoena requires the production of documents dated, executed, created, distributed, received, utilized, in effect, or relating to an event that occurred at any time during the period from **August 1, 2011 through the date of production** (the "Relevant Period").

**B.   Production**

Produce the following documents in your possession, custody, or control:

1. All communications with any person relating to Chimera.

2. Documents sufficient to identify (a) all persons that have an ownership interest in Iridium, (b) all executive officers of Iridium, and (c) all members of the board of directors of Iridium.

3. Documents sufficient to identify Iridium's ownership or beneficial interest, if any, in the following entities: Kylemore Corp., Levantera SA, Hillsmere SA, and Clarent Services Corp.

4. All documents related to any services performed by Iridium on behalf of the following entities in connection with the ownership or transfer of Chimera's securities: Kylemore Corp., Levantera SA, Hillsmere SA, and Clarent Services Corp.

5. All documents relating to the ownership (including beneficial interest) or transfer of Chimera's securities by any person, including Iridium, Kylemore Corp., Levantera SA, Hillsmere SA, and Clarent Services Corp.

6. Documents sufficient to identify all accounts in which Iridium, Kylemore Corp., Levantera SA, Hillsmere SA, and Clarent Services Corp. has or had a beneficial interest at financial institutions including documents sufficient to identify: the name, address, and telephone number of the institution; the account number or numbers; the name on the account; names of all persons having signature authority over the account; names of all persons who have or had beneficial ownership in the account; the type of account, including

brokerage, checking, savings, loans, safe deposit boxes, certificates of deposit, credit cards, debit cards, or otherwise; all account statements, cancelled checks and deposit slips; and the name of the primary contact person at the institution.

7. Documents sufficient to identify all employees, agents, contractors, consultants, promoters, or other persons however denominated who worked for or performed services related to Chimera, whether paid or not, including any employment or consulting agreements, job descriptions, or other documents that describe or set out the work or functions of the person, copies of all checks, including salary, per diem, expenses, or other remuneration paid to or on behalf of such person including all supporting documents for such payments, all Forms W-2, 1099, or other reports required by the Internal Revenue Service or other federal or state governmental agency.

8. All financial books and records that account for any payments made or received by Iridium, Kylemore Corp., Levantera SA, Hillsmere SA, and Clarent Services Corp. relating to Chimera. This includes, without limitation, financial statements (whether audited or no), the general ledger, general journal, cash receipts and disbursements journal, trial balances, financial statements, audit, review or compilation reports and any pro forma financial statements. If accounting software, such as Quickbooks, was used, you may produce the accounting data in electronic form, along with the name and version of the software.

9. All documents relating to any loan Chimera obtained or attempted to obtain, including loan applications and any agreements relating to such a loan.

10. All documents relating to any investor awareness campaign, promotional campaign, or similar program designed, in whole or in part, to increase investor interest or knowledge in Chimera, including any advertisements, press releases, or other announcements, whether or not paid for, initiated, approved, or sponsored by Chimera.

11. All documents related to raising funds or otherwise obtaining money for or on behalf of Chimera, including any documents prepared in connection with the issuance or sale of Chimera stock or other securities, loans, grants, applications, or otherwise.

12. All documents that relate to any fee, commission, bonus, inducement or other transaction-based compensation paid, offered, or considered for the purchase or sale of Chimera stock.

13. All documents relating to any contract or other agreement between Chimera and any person to sell, distribute, or otherwise make available for payment any product.

14. All documents relating to Charles Grob.

15. All documents relating to Baldemar Rios.

16. All documents relating to SquawkBox, AwesomeStocks, and Tribeca Investments Ltd.

3