```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF TEXAS
                     FORT WORTH DIVISION

SECURITIES & EXCHANGE           §
COMMISSION                      §
                                §
VS.                             §   CIVIL ACTION NO. 4:13-MC-014-Y
                                §
ANDREW FARMER, et al.           §
```

ORDER REGARDING OBJECTIONS TO
MAGISTRATE JUDGE'S ORDER & MOTION TO STAY

Before the Court are defendant Andrew Farmer's objections (doc. 48) to a previous order of the United States magistrate judge, directing him to comply with an administrative subpoena issued by the Securities & Exchange Commission ("SEC"). Having carefully considered the objections, response, and reply, as well as the applicable law, the Court concludes that the magistrate judge's ruling should be AFFIRMED. Farmer's motion to stay the magistrate judge's order (doc. 46) pending resolution of his objections is DENIED as MOOT.

I. BACKGROUND

Farmer is currently the subject of an investigation by the SEC. The SEC alleges that Farmer engaged in a fraudulent scheme to manipulate the stock price of Chimera Energy Corporation in violation of federal securities laws. In connection with its investigation, the SEC issued a *subpoena duces tecum* to Farmer. The subpoena ordered Farmer to produce documents relating to a number of topics, including all documents relating to Farmer's work for Chimera, as well as documents "sufficient to identify" Farmer's bank accounts, email

accounts, and telephone numbers. (Def.'s Ex Parte App. at 34-35.) When Farmer refused to comply with the subpoena, the SEC filed a motion to compel production. This Court referred the motion to the magistrate judge.

In his response to the motion to compel, Farmer asserted, for the first time, his Fifth Amendment act-of-production privilege. The SEC argued in its reply that Farmer waived the privilege by failing to timely assert it. The magistrate judge agreed that the privilege had been waived and granted the motion to compel.

Farmer filed objections to the magistrate judge's order and, after consideration, this Court overruled Farmer's objections and ordered Farmer to produce the documents withheld based on the act-of-production privilege. Farmer appealed, and after unsuccessfully moving this Court and the Fifth Circuit to stay the order pending his appeal, Farmer produced the documents to the SEC. The SEC, however, sequestered and segregated the documents and represents that none of its agents has reviewed them.

At oral argument, the Fifth Circuit proposed remanding the case to this Court for *in camera* inspection of the withheld documents for a determination of whether the act-of-production privilege applied. The parties agreed with this approach even though it would moot the waiver issue. Farmer also asked to file an *ex-parte* submission to discuss why the act of producing the withheld documents could be incriminating to him, as this might not be clear from the face of the documents. Based on the parties' agreement at oral argument, the

2

Fifth Circuit vacated this Court's order and remanded the case for *in-camera* review of the documents produced by Farmer.

This Court allowed Farmer to file an *ex-parte* brief detailing the incriminating nature of specific documents. The Court then referred the matter back to the magistrate judge for *in-camera* review. On September 11, 2014, the magistrate judge issued his order holding that the act-of-production privilege did not apply to any of the withheld documents because "it was a foregone conclusion that Farmer possessed the subpoenaed documents." In a footnote, the magistrate judge further explained that "as to the subpoenaed documents that are prepared by a third party, such as bank statements, phone records, etc., such documents are generally not considered testimonial," and, as a result, were not protected by the Fifth Amendment. The magistrate judge ordered Farmer to produce the documents to the SEC no later than September 18, but the parties agreed that Farmer need not produce the documents until this Court ruled on Farmer's motion to stay, which he filed along with his objections to the magistrate judge's order.

II.   LEGAL STANDARD

The Fifth Amendment privilege against self-incrimination may be invoked to avoid the production of documents, even where the contents of those documents are not privileged, if the act of production would be testimonial and incriminating. *Fisher v. United States*, 425 U.S. 391, 410 (1976). "Whether an act of production is sufficiently testimonial to implicate the Fifth Amendment, . . .

3

depends on the government's knowledge regarding the documents before they are produced." *United States v. Ponds*, 454 F.3d 313, 320 (D.C. Cir. 2006). If the government already knows that the documents exist, any testimonial aspect would be a "foregone conclusion," and the Fifth Amendment is not implicated. *See Fisher*, 425 U.S. at 411.

The government "bears the burdens of production and proof on the questions of . . . possession[ ] and existence of the summoned documents." *In re Grand Jury Proceedings, Subpoenas for Documents*, 41 F.3d 377, 380 (8th Cir. 1994). The United States Court of Appeals for the D.C. Circuit has held that to meet this burden the government must demonstrate its knowledge of the existence, possession, and authenticity of the subpoenaed documents with "reasonable particularity." *Ponds*, 454 F.3d at 320-21. The "reasonable particularity" standard does not require that the government's subpoena "name every scarp of paper that is produced." *Id.* at 325. Instead, "the focus must remain upon the degree to which a subpoena invades the dignity of the human mind." *Id.* at 320 (citation and internal quotation marks omitted).

III. ANALYSIS

The magistrate judge concluded that the act-of-production privilege did not apply in this case because it was a "foregone conclusion" that Farmer possessed the subpoenaed documents. Farmer complains that the government failed to demonstrate its knowledge of the subpoenaed documents with reasonable particularity and,

4

therefore, the magistrate judge erred in concluding that the existence of the documents was a foregone conclusion.

In order to address Farmer's objection, the Court considers each category of documents withheld and compares them to the SEC's supplemental declaration submitted in support of its motion to compel compliance with its administrative subpoena. The documents that Farmer withheld fall into four broad categories: (1) stock certificates and subscription agreements for Chimera investors, (2) internal Chimera accounting documents, (3) Farmer's bank records, and (4) Farmer's phone and email records.

With respect to the first category, the SEC represents in its declaration that it knew that Farmer, acting through entities owned and controlled by him, arranged for the purchase of millions of shares of Chimera stock. (Supp. Decl. at ¶¶12-13.) The SEC knew that Farmer sold Chimera securities through at least one brokerage account in his own name (*Id.* at ¶9.) Given that the SEC knew that Farmer arranged for the purchase of Chimera shares, it would be a foregone conclusion that he would have in his possession stock certificates and subscription agreements related to the sale of those shares.[1]

The SEC also declares that it knew that Farmer, through his controlled entities, played an active role in Chimera's initial public offering. (*Id.* at ¶¶13-14.) Farmer assisted Chimera in securing

---

[1] Furthermore, the SEC points out in its response to Farmer's objection to the magistrate judge's order that Farmer has already produced Chimera stock certificates in response to administrative subpoenas directed at entities he owned and controlled.

5

broker-dealer support for, and regulatory trading approval of, the trading of Chimera's shares on the public market. (*Id.* at ¶23.) Obtaining regulatory approval for public trading of a company's shares necessarily involves an inquiry into accounting records for the company. Given Farmer's known involvement in Chimera's initial public offering, Farmer's possession of Chimera's internal accounting documents and certain required SEC filings would have been a foregone conclusion.

With respect to Farmer's bank records, the SEC knew that Farmer was the signatory uponor otherwise controlled several brokerage accounts at, among other institutions, Pennaluna & Co., Scottsdale Capital Advisors, and USAA. (*Id.* at ¶20.) The SEC also knew that Farmer was the signatory or beneficial owner of a JPMorgan Chase account into which Farmer and others deposited proceeds from the sale of Chimera shares to the public. (*Id.* at ¶21.) Given the SEC's prior knowledge of the existence of these accounts, Farmer's possession of bank records would be a foregone conclusion. And because the SEC can authenticate the banking records through the testimony of a representative from the financial institution, rather than through Farmer, the act of production is not testimonial.

And, as the magistrate judge observed, documents issued by a third party are **generally** not testimonial. *See United States v. Nguyen*, 2011 WL 1740256, at *3 (S.D. Tex. May 5, 2011). Certainly there are cases where the act-of-production privilege has been applied to bank records and other documents prepared by third parties; Farmer

6

sets out examples of such instances in his objections. But here, the Court concludes that Farmer's act of producing bank records is not testimonial. First, the SEC has demonstrated its prior knowledge of Farmer's bank accounts. And second, the bank records can all be authenticated without Farmer's testimony. Because an act of production must be both testimonial **and** self-incriminatory for the act to be protected under the Fifth Amendment, Farmer cannot withhold the documents based on the assertion of privilege. *See Fisher*, 425 U.S. at 410.

As to the final category, the SEC knew through its investigation that Farmer used email addresses containing his name to communicate with personnel at various brokerage firms and with Chimera's transfer agent. (Supp. Decl. at ¶¶18-19.) The SEC also knew that Farmer's communications about Chimera with brokerage firms and other parties were not limited to email, meaning they also included phone calls. The SEC could authenticate Farmer's email communications by obtaining a copy from the receiving party. And Farmer would not need to authenticate phone records prepared by a third party.

In sum, the Court concludes that the SEC has demonstrated sufficient prior knowledge of the *in-camera* documents such that their existence and Farmer's possession is a foregone conclusion. As a final point, the Court addresses the SEC's acknowledgment in its response to Farmer's objections that SEC staff became aware of certain facts discussed in its declaration **after** it issued the subpoena to Farmer, but in all instances **before** it filed its motion to compel Farmer's

compliance with the subpoena. (Pl.'s Resp. at 8 n.3.)

In *Ponds*, the D.C. Circuit stated that the government's "prior knowledge" is measured at the that of the issuance of the subpoena. 454 F.3d at 324. But earlier in the opinion, the D.C. Circuit stated in its analysis of Supreme Court precedent that: "Whether an act of production is sufficiently testimonial to implicate the Fifth Amendment . . . depends on the government's knowledge regarding the documents **before they are produced**." *Id.* at 320 (emphasis added). And here, the government knew all of the facts set out in the supplemental declaration before it filed the motion to compel production and before the documents were produced.

IV. CONCLUSION

Based on the forgoing, Farmer's objections to the magistrate judge's order are OVERRULED. Because Farmer has already produced the *in-camera* documents to the SEC, he need not reproduce those documents based on this order. The SEC is authorized to review the *in-camera* documents.

SIGNED March 25, 2015.

*Terry R. Means*
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE